UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| WILLIAM BENARD GREEN | * | CIVIL ACTION NO.  13-0408 |
| VERSUS | * | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF RUSTON, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are two discovery-related motions:  1) motion for protective order [doc. # 20] filed by plaintiff William Benard Green; and 2) motion to compel, with an associated request for fees and expenses [doc. # 23] filed by defendants.  For reasons assigned below, the motion for protective order is GRANTED, and the motion to compel is GRANTED IN PART and DENIED IN PART.[1]

Background

On February 22, 2013, William Benard Green filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Ruston, Mayor Dan Hollingsworth, the city council (presumably for the City of Ruston), Chief Rogers (incorrectly named in the complaint, as "Rodgers"), the Ruston Police Department (named in the caption of the complaint), Justin Brown, Jacob R. Gaines, Larry Morris, and Edward Faile.  Green alleges that on February 22, 2012, at a residence at 1326 Martin Loop, the defendant-officers "Tasered" him several times,

---

[1] As these motions are not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

beat him, threw him to the ground, and kicked him, all without cause. (Compl.). He further alleges that the defendant-entities had a policy, practice and custom of authorizing the foregoing actions. *Id*. As a result of defendants' conduct, Green suffered a fractured tooth; multiple abrasions; a displaced sinus cavity; bruises to his head, body, and extremities; severe problems with his neck, back, and shoulders; mental anguish; emotional distress; and constant nightmares. *Id*. Green seeks recovery for compensatory, general, special, punitive, and exemplary damages, plus attorney's fees and expenses, for alleged constitutional violations protected under federal law, and for constitutional violations and intentional tort claims under state law. *Id*.

On December 10, 2013, the court stayed the case for a period of 90 days because of pending criminal proceedings against plaintiff arising out of the same facts that form the basis for this suit. *See* doc. #s 14-15. On March 10, 2014, the court extended the stay for another 90 days because plaintiff's criminal trial was set for trial in May 2014. *See* Minutes [doc. # 16]. The court cautioned, however, that no further extensions would be granted. *Id*. Following an August 7, 2014, status conference with the parties, the court set the matter for jury trial on July 27, 2015. (Aug. 7, 2014, Trial Fixing Order [doc. # 19]).

Less than two months later, however, plaintiff filed the instant motion for protective order to upset his deposition that defendants had noticed for October 14, 2014. In support of his motion, plaintiff represents that the parties set the deposition date while under the impression that plaintiff's criminal trial would be concluded by then. As it turns out, plaintiff's criminal trial was continued until February 23, 2015. Plaintiff argues that until his criminal trial is concluded, his deposition is useless because he will invoke his Fifth Amendment privilege against self-incrimination. Accordingly, he seeks an order quashing the deposition notice, and requiring the parties to re-set the deposition, upon agreement, but no earlier than the conclusion of plaintiff's

2

criminal trial.

On October 28, 2014, defendants filed their opposition to plaintiff's motion.  They contend that plaintiff's deposition is essential to determining the substance of plaintiff's allegations.  In addition, any further delay would cloud the events that spawned the instant cause of action.  Therefore, defendants urge the court to deny plaintiff's motion, compel his attendance at the deposition, and otherwise dismiss his case if he fails to appear.  Plaintiff did not file a reply brief.

On November 14, 2014, defendants filed the instant motion to compel answers to interrogatories and responses to requests for production that they first propounded to plaintiff on November 15, 2013.  (M/Compel, Exh. A).  Over the past year, defendants have made several unsuccessful attempts to coax plaintiff into responding to the discovery requests.  (M/Compel, Exhs. B-D).

Plaintiff filed his opposition to the motion to compel on December 8, 2014.  He again emphasizes that because of the pendency of criminal proceedings against him, he would invoke his Fifth Amendment privilege against self-incrimination if required to respond to the written discovery.  Thus, granting the motion to compel would be tantamount to compelling him to incriminate himself.

Defendants did not seek leave to file a reply brief, and the time to do so has lapsed.  *See* Notice of Motion Setting [doc. # 24].  Thus, the matter is ripe.

## Standard of Review

a)  <u>Motion to Compel</u>

Rule 33 provides that a party may serve an interrogatory on another party as to any matter that may be inquired into under Rule 26(b).  Fed.R.Civ.P. 33(a).  Likewise, Rule 34 dictates that

"a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).

> Under Rule 26(b),
>
> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged matter** that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1) (emphasis added).

Accordingly, a party to a civil action is entitled to all information relevant to the subject matter of the action – *unless* the information is privileged. *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to answer an interrogatory or produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to

respond. Fed.R.Civ.P. 37(a)(4).

b)  Motion for Protective Order

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . specifying terms . . . for the disclosure or discovery . . . " Fed.R.Civ.P. 26(c)(1)(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

## Law and Analysis

a)  Fifth Amendment Privilege

A party may invoke the Fifth Amendment privilege against self-incrimination in a civil proceeding to avoid answering questions at a deposition, responding to interrogatories or requests for admissions, or having to produce documents. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012) (citations omitted). Moreover, the federal rules do not authorize sanctions against a party who resists discovery pursuant to a valid claim of privilege. *Wehling*, 608 F.2d at 1087-88 (citation omitted).[2] Nevertheless, a civil plaintiff does not enjoy an absolute right to

---

[2] A party claiming Fifth Amendment privilege should suffer no penalty for his silence. *Id*. (citations omitted).

5

both his silence and his lawsuit. *Id*.

When faced with competing considerations between a civil plaintiff's invocation of his privilege against self-incrimination and his adversary's desire for the orderly progression of the case, the court must measure the relative weight of the parties interests. *Wehling, supra*. In *Wehling*, the Fifth Circuit determined that the inconvenience imposed by a *three year* stay of the case was a lesser evil than requiring plaintiff to choose between his silence and his lawsuit. *Wehling, supra*. Similarly, here, aside from a conclusory allegation of fading memories, defendants have not demonstrated any cognizable prejudice from deferring plaintiff's deposition until after conclusion of his criminal trial in February 2015. Indeed, at that point, his case will be but *two* years old. *See Wehling, supra*.[3]

On the other hand, and as a mitigating consideration, the court is not reimposing a stay of the entire case. The parties have not advanced any compelling reason why (save for plaintiff's deposition) they cannot complete the remaining discovery and ready the case for trial. The court agrees with defendants in this regard, that plaintiff should be required to respond to the outstanding written discovery requests. Review of the proposed discovery uncovers few, if any, areas of inquiry that will require plaintiff to invoke his privilege against self-incrimination.[4] Moreover, plaintiff's responses to written discovery will help advance the timely progression of

---

[3] If, after taking plaintiff's deposition, defendants establish that they were materially prejudiced by the delay, then they may petition the court for appropriate, targeted relief. *See Wehling, supra*.

[4] If plaintiff finds that he must invoke privilege as to certain interrogatories or requests, then he is free to do so as to that specific discovery request, and supplement his response/answer immediately following the conclusion of his criminal trial.

the case.[5]

b)      Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A). The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*. Because of the uncertainty generated by the prior stay, and the pendency of the related issue in the motion for protective order, the court is not inclined to assess costs, expenses, and/or fees in this instance.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion for protective order [doc. # 20] filed by plaintiff William Benard Green is hereby GRANTED. Plaintiff's deposition noticed for October 14, 2014, is QUASHED. The parties shall reset the deposition upon a mutually agreeable date, promptly after the conclusion of plaintiff's criminal trial.

IT IS FURTHER ORDERED that defendants' motion to compel [doc. # 23] is hereby GRANTED IN PART. Within the next 21 days from the date of this order, plaintiff shall provide answers/responses to defendants' interrogatories and requests for production, as initially propounded on November 15, 2013.

---

[5] The court notes that both the discovery and dispositive motion deadlines are rapidly approaching. If all parties agree that they need to extend those deadlines and/or the trial date, then they may so petition the court. The court cautions, however, that if plaintiff initiates or accedes to another continuance of his criminal trial setting, then this circumstance may become relevant should the court be called upon to determine whether he is using his Fifth Amendment privilege to "abuse, manipulate or gain an unfair or strategic advantage over opposing parties." *Davis-Lynch, Inc.*, 667 F.3d at 547-8.

IT IS FURTHER ORDERED that the motion to compel [doc. # 23], specifically the request for fees, expenses, and/or costs, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 16th day of December 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE