# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **WILLIAM BENARD GREEN** | * | **CIVIL ACTION NO.  13-0408** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **CITY OF RUSTON, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for sanctions [doc. # 27] filed by defendants City of Ruston, *et al.*  The motion is opposed.  For reasons assigned below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

In October-November 2014, plaintiff William Green and defendants City of Ruston, *et al.* filed cross-discovery motions regarding plaintiff's invocation of the Fifth Amendment privilege against self-incrimination in response to defendants' discovery requests and efforts to depose him.  *See* Motion for Protective Order and Motion to Compel [doc. #s 20 & 23].  In a December 16, 2014, Memorandum Order addressing the motions, the court stated that "plaintiff should be required to respond to the outstanding written discovery requests.  Review of the proposed discovery uncovers **few, if any**, areas of inquiry that will require plaintiff to invoke his privilege

---

[1]  As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

against self-incrimination."  (Dec. 16, 2014, Mem. Order [doc. # 26]) (emphasis added).  The undersigned added that "[i]If plaintiff finds that he must invoke privilege as to certain interrogatories or requests, then he is free to do so as to **that specific discovery request**, and supplement his response/answer **immediately following the conclusion of his criminal trial**." *Id*.  (emphasis added).[2]  In the end, the court granted-in-part defendants' motion to compel and ordered plaintiff to answer defendants' November 15, 2013, discovery requests within 21 days from the date of the order.  *Id*.

On January 7, 2015, – **22 days** after the date the order was signed and filed (but 21 days after it was docketed/entered), plaintiff served defendants with his responses to the written discovery.  (Pl. Ans. and Responses; M/Sanctions, Exh. B).  For each and every interrogatory and request for production, plaintiff asserted his Fifth Amendment privilege against self-incrimination, and "reserved the right to supplement the response **no later than 10 days prior to trial**." *Id*.  Despite these qualifiers, plaintiff managed to provide some substantive, but perfunctory, answers/responses to a number of the inquiries.

On January 29, 2015, defense counsel wrote to plaintiff's counsel and outlined the shortcomings that he perceived with her answers/responses.  (Jan. 29, 2015, Letter from K. Mascagni to C. Lexing; M/Sanctions, Exh. "C").  Defense counsel asked plaintiff's counsel to supplement her prior responses or else he would be compelled to petition the court for relief, including a request for costs and fees.  *Id*.

After receiving no response to the January 29 letter, defendants filed the instant motion for sanctions on February 20, 2015, – exactly one business day before plaintiff's criminal trial

---

[2]  In addition, the court noted that because both the discovery and dispositive motion deadlines were rapidly approaching, the parties could petition the court for an extension, if they both agreed that it was necessary.  *Id*.

was scheduled to begin.  In their motion, defendants cited plaintiff's failure to comply with the court's December 16, 2014, order, and sought sanctions pursuant to Rule 37(b) consisting of dismissal, exclusion of evidence related to the unanswered discovery, and an award of costs and fees associated with filing the motion.

On February 26, 2015, at the request of plaintiff's counsel, the undersigned held a telephone status conference to address pending deadlines and defendants' motion.  Pursuant to the conference, the court, among other things, ordered plaintiff's counsel to supplement her responses to defendants' discovery requests by March 6, 2015,[3] and to file, by March 2, 2015, her opposition to the motion for sanctions to address the request for fees and costs.  *See* Minutes [doc. # 31] and Notice of Motion Setting [doc. # 29].[4]

On March 2, 2015, plaintiff filed his opposition memorandum.  On March 4, defendants filed their reply.  Thus, the matter is ripe.

## Law

Rule 37 of the Federal Rules of Civil Procedure specifies that,

[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

    **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    **(ii)** prohibiting the disobedient party from supporting or opposing

---

[3]  On February 23, 2015, plaintiff resolved the criminal proceedings against him by pleading guilty to a misdemeanor.

[4]  The court also continued the trial date and associated deadlines, and set some dates to depose witnesses.  *Id.*

designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Furthermore,

[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

<u>**Discussion**</u>

In his memorandum, plaintiff advances several reasons why sanctions should not be imposed. For example, plaintiff's counsel contends that she did not have an opportunity to respond to defense counsel's objections to her responses because she was a panelist at a Judicial Conference on February 19, 2015, and also busy preparing a defense for plaintiff's criminal trial. This rationale, however, fails to explain why plaintiff's counsel was unable to respond to defense counsel's January 29, 2015, letter during the intervening 21 day period.

Plaintiff's counsel also faults defense counsel for purportedly refusing to join in a motion to extend the discovery and dispositive motion deadlines. This argument misses the mark. The court previously ordered plaintiff to respond to the written discovery, and, for those "few, if any" instances where he asserted privilege, supplement those response *immediately following the*

4

*conclusion of his criminal trial*.

Upon review, it is manifest that plaintiff's efforts to comply with the court order were, at best, half-hearted.  As recounted earlier, plaintiff asserted privilege as to *every* interrogatory and request for production.  In addition, plaintiff inexplicably extended his obligation to supplement his responses until **ten days before trial**.

Furthermore, for those discovery requests that plaintiff purported to answer, his responses often were incomplete or misleading.  For instance, in response to Interrogatory No. 9, plaintiff represented that he had not obtained written or recorded statements from anyone.  (Pl. Ans. and Responses; M/Sanctions, Exh. B).  In his opposition memorandum, however, plaintiff inconsistently reported that, in 2013, he had permitted defendants to meet "with the witness who had a recording of the incident."  (Pl. Opp. Memo., pg. 3).  Also, in response to defendants' Interrogatory No. 16 seeking the names of anyone other than the named defendants that caused or contributed to his injury, plaintiff replied, "[n]o other named Defendants."  (Pl. Ans. and Responses; M/Sanctions, Exh. B).  Whether this response is the product of an inadvertent, yet material grammatical error, or instead, an intentional obfuscation, is not known.  Either way, the response is insufficient, as written, and defendants sought clarification from plaintiff to no avail.

In addition, for most, if not all, of the discovery requests that plaintiff declined to provide a substantive response to at all on the basis of Fifth Amendment privilege, the court finds that he failed to establish applicability of the privilege.  Upon assertion of the Fifth Amendment privilege,

> the court must engage in a two pronged analysis. First, [it] must determine whether the summoned information is incriminating in nature, either on its face or in the context of the circumstances that the information is requested.  Second, if the information is found to be incriminating, then the court must then determine whether the proponent's asserted apprehension of criminal prosecution is

5

reasonable under the circumstances.
*United States v. Redhead*, 194 F. App'x 234, 236 (5th Cir. 2006) (citations omitted).

Moreover, "the proponent must establish more than speculative or generalized allegations of the potential for self-incrimination." *Id*. (citation omitted).

Here, other than the bare invocation of privilege, plaintiff makes no effort to demonstrate its applicability.  For instance, plaintiff provides no explanation to establish how defendants' discovery requests for eyewitnesses, trial witnesses, and trial exhibits are privileged.  *See* Interr. Nos. 8, 10, & 11 and Req. for Prod. No. 11.[5]  Moreover, the fact that plaintiff purportedly included this information in his initial disclosures belies the notion that this discovery was subject to privilege.  *See* Pl. Opp. Memo., pg. 3.

By way of further example, plaintiff invoked privilege in response to defendants' Interrogatory and Request for Production No. 17, which sought a complete itemization of plaintiff's damages claimed, both special and general.  Plaintiff proffers no rationale to establish how this information could subject him to incrimination.

The court need not address applicability of the Fifth Amendment privilege as to each discovery request because the court already has ordered plaintiff to supplement her responses. *See* Minutes [doc. # 31].  The foregoing sample of plaintiff's discovery responses simply serves to establish that plaintiff's efforts to comply with the court's order were half-hearted, perfunctory, and not undertaken in good faith.  Although the court is not persuaded that

---

[5]  The Fifth Amendment provides that "No person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. AMEND. V.  "The Fifth Amendment's protection applies only when the accused is compelled to make a *testimonial* communication that is incriminating."  *Baltimore City Dep't of Soc. Servs. v. Bouknight*, 493 U.S. 549, 554-55, 110 S. Ct. 900, 904 (1990) (citations and internal quotation marks omitted).

plaintiff's conduct merits the more draconian remedies available under Rule 37(b)(2)(A), a just and targeted sanction remains in order.  *See Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citation omitted).  Accordingly, the court finds that the appropriate sanction in this instance is to require plaintiff and/or his counsel to partially defray the costs and reasonable attorney's fees expended by defendants in filing the instant motion for sanctions, which effectively served as a successive motion to compel.  This sum is set at $500.[6]

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendants' motion for sanctions [doc. # 27] is hereby GRANTED IN PART, to the following extent,

IT IS ORDERED that, within 14 days from the date of this order, plaintiff William Benard Green and/or his counsel, shall remit the sum of $500 to defendants, City of Ruston, *et. al.*, via their counsel, and to file proof of said payment in the record of these proceedings within 7 days thereafter.

IT IS FURTHER ORDERED that the motion [doc. # 27] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 12th day of March 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[6]  In deriving this sum, the court is cognizant that, in all likelihood, the cost to file the motion and reply memorandum exceed this amount.

7